IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–00682–DDD–MDB

NOBLE EL-BEY, in propria person, and
TANIA WILLIAMS, in propria person,

    Plaintiffs,

v.

LEANNA LAMBDIN,
CASANDRA TESIK,
MELANIE E. GAVISK,
APRIL JENKINS,
LARA NAFAIGER,
STATE OF COLORADO, and
EL PASO COUNTY

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

    This matter is before the Court on the "El Paso County Defendant's [sic] Motion to Dismiss for Failure to State a Claim of Action Upon Which Relief Can Be Granted and for Lack of Jurisdiction." (["Motion"], Doc. No. 9.) Plaintiffs have responded in opposition to the Motion, and Defendants have replied. (["Response"], Doc. No. 12; ["Reply"], Doc. No. 17.) The Motion has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1, for a recommendation regarding disposition. (Doc. No. 10; *see* Doc. No. 13.) The Court has reviewed the briefs, the case file, and the applicable law. For the reasons set forth below, the

Court **RECOMMENDS** that the Motion (Doc. No. 9) be **GRANTED in part,** and **DENIED in part**.

## SUMMARY FOR *PRO SE* PLAINTIFF

The Court is recommending that certain of your claims be dismissed. Specifically, the Court is recommending that: (1) your claims against the State of Colorado, and (2) your official capacity claims for money damages against individuals who are considered "state officials" (April Jenkins, Leanna Lambdin, Lara Y. Nafziger, and Cassandra Tesik) be dismissed, because the Eleventh Amendment of the United States Constitution bars claims against states, state entities, and state officials operating in their official capacity. Additionally, the Court is recommending that any claims for declaratory and injunctive relief that are not barred by the Eleventh Amendment be dismissed under the *Younger* abstention doctrine, which limits a federal court's ability to take action when that action could interfere with state court proceedings. Finally, the Court is recommending that any money damages claims not barred by the Eleventh Amendment be allowed to proceed, but only after resolution of the underlying state court proceedings. To that end, the Court is recommending that this case be administratively closed for now, and reopened only upon a showing of good cause and after the underlying state court proceedings have concluded. This is only a summary of the Court's Recommendation to the presiding judge. The complete Recommendation is set forth below, including information about your right to object to this Recommendation within a set period of time.

## STATEMENT OF THE CASE

This case arises out of a 2022 dependency and neglect ["D&N"] action, which was commenced in Colorado state court by the El Paso County Department of Human Services ["El

Paso DHS"] against Plaintiffs Noble El-Bey and Tania Williams, concerning custody of Plaintiffs' minor child. (*See generally* Doc. No. 9-1.) In their Complaint, Plaintiffs take issue with various aspects of the D&N action, including the investigation by El Paso DHS that led to the filing of the case, as well as certain aspects of the state court proceeding itself. (Doc. No. 1 at 5-8.)

Specifically, Plaintiffs allege that Defendants April Jenkins, Leanna Lambdin, and Casandra Tesik, who are all El Paso DHS social workers, "conspired to deprive" Plaintiffs of their "god given right to travel and freedom of movemet [sic]," by "filing a false report" and "removing" Plaintiffs' "blood right child" without "a proper warrant." (*Id.* at 6.) In addition, Plaintiffs allege that those same El Paso DHS social workers violated their "equal rights under the privacy laws of the United States Government," and "discriminated" against them based on their race and national origin, "by placing hotel staff where [Plaintiffs were] dwelling . . . without [Plaintiffs'] consent." (*Id.* at 8.) Plaintiffs further allege that Defendant Lara Y. Nafziger, the state court magistrate judge presiding over the D&N action, "admitted in open court" that she lacked jurisdiction over Plaintiffs and the subject matter; that Defendant Tesik "in open court committed fraud and perjury in the first degree;" and that Defendant Melanie E. Gravisk, the El Paso County Assistant Attorney prosecuting the case, "witnessed" these events and "failed to secure [Plaintiffs'] constitutional rights." (*Id.* at 6-7, 10.)

Based on these allegations, on March 18, 2022, Plaintiffs commenced this federal civil rights action *pro se*,[1] pursuant to "Title 42 U.S.C. § 1983, 18 U.S.C. § 195, Treaty of Peace and

---

[1] Plaintiffs are proceeding *pro se*. The Court, therefore, "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines*

Friendship June 28 1786, Article 6 of the United States Constitution, [and] Title 18 [U.S.C. §§] 241-242." (*Id.* at 5.) Plaintiffs assert two claims for relief: (1) "Deprivation of rights, Lack of personam jurisdiction, Lack of subject matter jurisdiction[;]" and (2) "Racial Discrimination, National Origins." (*Id.* at 6-8.) In their Complaint, Plaintiffs demand declaratory and injunctive relief barring Defendants—State of Colorado, El Paso County, April Jenkins, Melanie E. Gavisk, Leanna Lambdin, Lara Y. Nafziger, and Cassandra Tesik—"from permanently encroaching and violating [their] human rights, God [g]iven [r]ights, [r]ight[s] to travel, [f]reedom of [m]ovement, and [r]eligious [f]reedoms." (*Id.* at 11.) Plaintiffs also demand "a monetary sum for $100,000,000.00 in damages." (*Id.*)

Defendants Jenkins, Gavisk, Lambdin, Tesik, and El Paso County now move to dismiss Plaintiffs' claims against them, in their entirety, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiffs' claims are barred by the *Younger* abstention doctrine, the *Rooker*-*Feldman* doctrine, and the Eleventh Amendment. (Doc. No. 9 at 1, 5-8.) In the alternative, Defendants seek dismissal of Plaintiffs' claims under Federal Rule of Civil

---

*v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, *pro se* litigants' "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Plaintiffs' *pro se* status does not entitle them to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

Procedure 12(b)(6), arguing the Complaint "contains vague and conclusory allegations that are not tied to any specific right." (*Id.* at 4, 8-9.)

## ANALYSIS

Defendants move for dismissal, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction, and pursuant to Rule 12(b)(6), for failure to state a claim for relief. Because the Court finds that jurisdiction is either lacking or should not be exercised, as outlined below, the Court need not address Defendants' argument that Plaintiff's Complaint fails to state a claim for which relief can be granted.

**I.     Legal Standard under Rule 12(b)(1)**

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting it. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v.*

*Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, a court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). If a party challenges the facts upon which subject matter jurisdiction depends, a court may not presume the truthfulness of the complaint's "factual allegations . . . [and it] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## II.     Eleventh Amendment Immunity

The Court first addresses Defendants' arguments concerning Eleventh Amendment immunity. *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("We address jurisdictional issues in any order we find convenient."); *see also Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[T]here is no mandatory sequencing of jurisdictional issues[.]") (internal quotation marks omitted).

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It has been interpreted to bar any action brought against a state in federal court, including suits initiated by a state's own citizens. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Eleventh Amendment immunity extends to states and state entities deemed "arms of the state," as well as to state officials sued in their official capacities for monetary damages. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S.

6

274, 280 (1977)); *see Hafer v. Melo*, 502 U.S. 21, 25 (1991) (holding suits against state officials sued in their official capacities should be treated as suits against the state). The "sole exceptions" to Eleventh Amendment immunity are "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; and (2) when a state waives its immunity." *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013) (citations omitted). Absent abrogation or waiver, states and their agencies are entitled to Eleventh Amendment immunity, regardless of the type of relief sought. *Id.* at 1252-53 (citing *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765-66 (2002); *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 389 (1998)); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1984) (holding Eleventh Amendment applies equally to pendant state law claims).

In this case, the State of Colorado has not waived its sovereign immunity.[2] *Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Nor has Congress abrogated state sovereign immunity through its promulgation of 42 U.S.C. § 1983.[3] *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, Plaintiffs' claims against the State of Colorado are barred by the Eleventh Amendment. The Court, therefore, recommends that those claims be dismissed without

---

[2] The State of Colorado did not, itself, move for dismissal of Plaintiffs' claims. (*See* Doc. No. 9 at 1.) However, "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage of the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 456 U.S. 500, 514 (2006)).

[3] The Complaint also references "18 U.S.C. § 195," the "Treaty of Peace and Friendship June 28 1786," "Article 6 of the United States Constitution," and "18 [U.S.C. §§] 241-242." (Doc. No. 1 at 5.) None of these provisions overrides Eleventh Amendment immunity.

prejudice, under Rule 12(b)(1), for lack of subject matter jurisdiction. *See Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) ("Because Eleventh Amendment immunity is jurisdictional, th[e] dismissal should [be] without prejudice.").

Further, Defendant Nafziger, an El Paso County District Court Magistrate Judge, and Defendants Jenkins, Lambdin, and Tesik, El Paso DHS social workers, are all officers of the State of Colorado. *See Romero v. City & Cnty. of Denver Dep't of Soc. Servs.*, 57 F. App'x 835, 837 (10th Cir. 2003) ("In Colorado, municipal departments of social services are in reality arms of the state and therefore immune from suit in federal court."); *Strepka v. Miller*, 28 F. App'x 823, 828 (10th Cir. 2001) ("Plaintiff's official capacity claims against [the Arapahoe County] Judge . . . were really claims against the State of Colorado."); *Marck v. Miller*, No. 22-cv-00238-LTB-GPG, 2022 WL 3443803, at *6 (D. Colo. June 13, 2022) (finding El Paso County DHS employees and El Paso County District Court Judge were state officials entitled to Eleventh Amendment immunity). Thus, Plaintiffs' claims for money damages against Defendants Nafziger, Jenkins, Lambdin, and Tesik, in their official capacities, are also barred by the Eleventh Amendment. *Steadfast*, 507 F.3d at 1253. Therefore, those claims should also be dismissed without prejudice. *Colby*, 849 F.3d at 1278.

**III.   The *Rooker-Feldman* Doctrine**

"The *Rooker-Feldman* doctrine provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1173 (10th Cir. 2018) (quoting *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006)) (alteration omitted); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The doctrine prevents lower federal courts from exercising jurisdiction "over cases brought by 'state-court losers' challenging

8

'state-court judgments rendered before the [federal] district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies to claims where "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, --- F.4th ----, 2023 WL 140430, at *5 (10th Cir. 2023) (citing *Exxon Mobil*, 544 U.S. at 284). "Where these factors exist, [a federal district court] lack[s] subject matter jurisdiction." *Id.* (citing *Lance*, 546 U.S. at 465).

Here, by Defendants' own admission, the D&N action remains "ongoing." (Doc. No. 9 at 7.) For that reason, the *Rooker-Feldman* doctrine does not apply. *Exxon*, 544 U.S. at 284; *see Morkel v. Davis*, 513 F. App'x 724, 727 (10th Cir. 2013) (finding error in district court's dismissal of case, pursuant to the *Rooker-Feldman* doctrine, where state court proceedings remained ongoing).

## IV.    The *Younger* Abstention Doctrine

The *Younger* abstention doctrine—which is based on principles of federalism, comity, and respect for state functions—precludes federal courts from interfering with state court proceedings, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Specifically, the *Younger* abstention doctrine requires a federal court to decline jurisdiction[4] where: (1) there is an ongoing state

---

[4] Although the *Younger* abstention doctrine is often referred to as a "jurisdictional" issue, technically speaking, "*Younger* is a doctrine of abstention." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8 (10th Cir. 2013) ("[T]he federal district court suggested

criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)) (quotation marks omitted). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citing *Seneca-Cayuga Tribe of Okla. v. State of Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)). "*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) (citations omitted). The doctrine applies, regardless of whether the plaintiff seeks declaratory, injunctive, or monetary relief. *D.L.*, 392 F.3d at 1228.

### A. Ongoing State Court Proceeding

The Court considers, first, whether there is an ongoing state proceeding that is of the type that *Younger* is intended to address. *Chapman*, 472 F.3d at 749. Three types of proceedings meet this definition: (1) "ongoing state criminal prosecutions[;]" (2) "civil enforcement

---

that the *Younger* doctrine is jurisdictional. This is not precisely correct.") (internal citation omitted). "*Younger* 'neither provides a basis for nor destroys federal jurisdiction, [but] it does determine when the federal courts must refrain from exercising jurisdiction.'" *Chapman v. Barcus*, 372 F. App'x 899, 901 n.1 (10th Cir. 2010) (quoting *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005)). The "salient point" is that the Court must determine whether *Younger* abstention is required before it may address the merits of the case. *Goings v. Sumner Cnty. Dist. Att'ys Office*, 571 F. App'x 634, 639 n.4 (10th Cir. 2014).

proceedings[;]" and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (citations and internal quotation marks omitted). "Civil enforcement proceedings" are civil proceedings that are "akin to a criminal prosecution" in "important respects" and generally involve a state actor as a party and often involve an investigation. *Id.* at 79 (collecting cases and citing examples such as state-initiated (1) disciplinary proceedings against lawyer for violation of state ethics rules, (2) proceedings to enforce state civil rights laws, (3) proceedings to gain custody of children allegedly abused by their parents, and (4) proceedings to enforce obscenity laws).

The Court concludes that the D&N action at issue here constitutes a civil enforcement proceeding to which the *Younger* abstention doctrine applies. Specifically, the D&N action was initiated by government officials, Plaintiffs are parties to the D&N action, and the proceedings focus on the interests and well-being of Plaintiffs' minor child. (*See generally* Doc. No. 9-1.) There is no indication in the record that the D&N action has been resolved. Accordingly, the first *Younger* factor is satisfied. *See Morkel*, 513 F. App'x at 728 ("This court and other circuits have consistently applied *Younger* to child custody cases.") (collecting cases); *Wise v. Arapahoe Cnty. Dep't of Human Servs.*, No. 20-cv-01952-MEH, 2021 WL 981318, at *6-7 (D. Colo. Mar. 16, 2021) (finding the first *Younger* requirement to be met where plaintiffs were parties to two D&N actions in Colorado state court that remained open and pending).

B. Adequacy of State Forum

State court provides an adequate forum if the plaintiff has an "opportunity to raise and have timely decided by a competent state tribunal" the claims in the federal complaint.

11

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435-37 (1982). "Typically, a plaintiff has an adequate opportunity to raise federal claims in state court 'unless state law clearly bars the interposition of the [federal statutory] and constitutional claims.'" *Phillips v. Martin*, 535 F. Supp. 2d 1210, 1215 (D. Kan. 2008), *aff'd*, 315 F. App'x 43 (10th Cir. 2008) (quoting *J.B. v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999)). Plaintiffs bear the burden of showing that state court provides an inadequate forum. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15 (1987) (citation omitted); *Valdez*, 186 F.3d at 1291.

Here, Plaintiffs allege that Defendants violated their federal constitutional rights by taking their minor child without due process and by unlawfully discriminating against them based on their race and national origin. (Doc. No. 1 at 6-8.) Plaintiffs make no argument as to whether the El Paso County District Court is an inadequate forum to hear these claims. (*See generally* Doc. No. 12.) Nor does this Court see any reason why the El Paso County District Court would *not* be able to resolve Plaintiffs' claims. Accordingly, the Court finds that the second requirement for *Younger* abstention is met. *See Morkel*, 513 F. App'x at 728 ("[W]hen constitutional challenges impact state proceedings, as they do here, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand."); *see also Tereza v. Garland*, No. 21-CV-0438-CVE-SH, 2021 WL 5510243, at *2 (N.D. Okla. Nov. 24, 2021) (finding the second *Younger* factor to weigh in favor of abstention, where the plaintiff's constitutional claims challenged DHS employees' ability "to intervene in familial relations").

### C. Important State Interest

As to the third *Younger* factor, there is no question that the state court proceedings at issue here—which concern the custody of a minor child—implicate important state interests. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("The whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996) ("child custody proceedings are an especially delicate subject of state policy"); *see also Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (holding challenge to state court proceedings regarding dissolution of marriage and allocation of parental rights implicated important state interest); *Morkel*, 513 F. App'x at 729 ("[T]he resolution of child custody matters has been acknowledged as an important state interest."); *Everett v. Bollinger-Everett*, No. 1:22-cv-01133-CNS-SKC, 2023 WL 1805566, at *2 (D. Colo. Jan. 19, 2023) ("Plaintiff's challenges to Defendant's custody over his children implicate important state interests[.]"); *Wise*, 2021 WL 981318, at *6 ("Child dependency cases fall within the scope of important state court interests from which federal courts should abstain."). Accordingly, the Court finds the third *Younger* abstention factor is satisfied.

### D. Extraordinary Circumstances

If the requirements for *Younger* abstention are met, a federal court must abstain unless extraordinary circumstances exist. *Amanatullah*, 187 F.3d at 1163. Specifically, a federal court need not abstain if the state proceeding was "commenced in bad faith or to harass," or "based on a flagrantly and patently unconstitutional statute," or if there is "any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Phelps v.*

13

*Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995) (quoting *Younger*, 401 U.S. at 53-54). Given the underlying rationales for *Younger* abstention—federalism, comity, and respect for state functions—the exceptions are construed narrowly; "it is the plaintiffs' 'heavy burden' to overcome the bar of *Younger* abstention." *Phelps*, 122 F.3d at 889 (quoting *id.* at 1066).

Here, Plaintiffs offer only conclusory statements about Defendants' alleged constitutional violations and harassing actions. For example, Plaintiffs make the conclusory allegation that they have been deprived of "freedom of movemet [sic]," by the removal of Plaintiff's "blood right child" without "a proper warrant." (Doc. No. 1 at 6.) They do not, however, offer any facts to support their broad sweeping statement, nor do they offer any facts that suggest the D&N action was commenced in bad faith or to harass. *Phelps*, 59 F.3d at 1064-65. Plaintiffs also do not allege any "flagrantly and patently unconstitutional statute." *Id.* at 1064. And while Plaintiffs may disagree with Defendants' actions, Plaintiffs have not demonstrated extraordinary circumstances creating a threat of great and immediate "irreparable harm." *Id.* Accordingly, the Court must abstain from exercising jurisdiction over Plaintiffs' claims. *Amanatullah*, 187 F.3d at 1163.

\* \* \*

At bottom, Plaintiffs are unhappy with the D&N action, and they seek to circumvent the state court judicial system by filing a lawsuit in federal court. This is precisely what the *Younger* doctrine is intended to prevent. *Younger* abstention "extends to federal claims . . . when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L.*, 392 F.3d at 1228. In this case, a finding that Defendants violated Plaintiffs' federal constitutional rights would have a preclusive effect on the pending state court action.

Thus, the *Younger* abstention doctrine applies to all of Plaintiffs' requests for relief. *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007). However, dismissal of Plaintiff's claims for monetary damages is not appropriate. Rather, "[w]here the plaintiff in the federal suit seeks damage relief and the *Younger* factors are met, the district court should *stay* federal proceedings on the damage claims, not dismiss the action altogether." *Id.* (citing *D.L.*, 392 F.3d at 1228; *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)) (emphasis in original).

Accordingly, to the extent Plaintiffs' claims for monetary damages are not barred by the Eleventh Amendment, they should be retained and the matter should be administratively closed, subject to reopening for good cause after resolution of the underlying state court proceedings. To the extent Plaintiffs' claims for declaratory and injunctive relief are not barred by the Eleventh Amendment, they should be dismissed without prejudice, pursuant to the *Younger* abstention doctrine. *See Goings v. Sumner Cnty. Dist. Att'ys Office*, 571 F. App'x 634, 639-40 (10th Cir. 2014) (stating dismissal based on *Younger* abstention should be without prejudice).

## CONCLUSION

For the reasons set forth herein, this Court respectfully **RECOMMENDS** that the "El Paso County Defendant's [sic] Motion to Dismiss for Failure to State a Claim of Action Upon Which Relief Can Be Granted and for Lack of Jurisdiction" (Doc. No. 9) be **GRANTED in part,** and **DENIED in part**. More specifically:

(1) Plaintiffs' claims against Defendant State of Colorado should be **dismissed without prejudice** as barred by the Eleventh Amendment.

15

(2) Plaintiffs' claims for monetary damages against Defendants April Jenkins, Leanna Lambdin, Lara Y. Nafziger, and Cassandra Tesik, in their official capacities, should also be **dismissed without prejudice** as barred by the Eleventh Amendment.

(3) Plaintiffs' remaining claims for declaratory and injunctive relief should be **dismissed without prejudice**, pursuant to the *Younger* abstention doctrine.

(4) The Motion should be **denied** in all other respects.

(5) The remainder of this matter, consisting of Plaintiffs' claims for monetary damages against Defendant El Paso County, and against Defendants April Jenkins, Melanie E. Gavisk, Leanna Lambdin, Lara Y. Nafziger, and Cassandra Tesik, in their individual capacities, should be **administratively closed**, subject to reopening for good cause after resolution of the underlying state court proceedings.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. ⸹ 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

**DATED**: February 23, 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge